**CT Corporation**

**Service of Process Transmittal**
02/14/2020
CT Log Number 537205206

**TO:** Timothy Horn
Whole Foods Market, Inc.
550 Bowie St
Austin, TX 78703-4644

**RE:** Process Served in District of Columbia

**FOR:** Whole Foods Market Group, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MIA SOLOMON, PLTF. vs. WHOLE FOODS MARKET, INC., DFT. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Complaint, Summons, Citatorio, Civil Division Information Sheet, Initial Order And Addendum |
| **COURT/AGENCY:** | SUPERIOR COURT OF THE DISTRICT OF COLUMBIA - CIVIL DIVISION, DC Case # 2020CA001048B |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 09/24/2019 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/14/2020 at 15:17 |
| **JURISDICTION SERVED:** | District of Columbia |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service of this summons upon you, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Tiffany Joseph Goodson HKM Employment Attorneys LLP 1325 G Street NW, Suite 558 Washington, DC 20005 202-919-5952 |
| **REMARKS:** | According to the records of the Department of Consumer and Regulatory Affairs in Washington, DC, the only entity registered with the name Whole Foods Market, Inc. is Whole Foods Market Group, Inc. Service taken for Whole Foods Market Group, Inc. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/18/2020, Expected Purge Date: 02/23/2020 |
| | Image SOP |
| | Email Notification, Email Process SOP@WHOLEFOODS.COM |
| | Email Notification, Jay Warren jay.warren@wholefoods.com |
| | Email Notification, Timothy Horn timothy.Horn@wholefoods.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan Street |

Page 1 of 2 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.


**CT Corporation**

**Service of Process Transmittal**
02/14/2020
CT Log Number 537205206

**TO:** Timothy Horn
Whole Foods Market, Inc.
550 Bowie St
Austin, TX 78703-4644

**RE:** **Process Served in District of Columbia**

**FOR:** Whole Foods Market Group, Inc.  (Domestic State: DE)

Suite 900
Dallas, TX 75201

**For Questions:** 866-665-5799
SouthTeam2@wolterskluwer.com

Page 2 of  2 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Filed
D.C. Superior Court
02/12/2020 15:09PM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| **MIA SOLOMON**<br>4008 28th Avenue, Apt. 202<br>Temple Hills, MD 20748,<br><br>    Plaintiff,<br><br>vs.<br><br>**WHOLE FOODS MARKET, INC.**<br>550 Bowie Street<br>Austin, TX 78703,<br><br>    Defendant. | CASE NO.: **2020 CA 001048 B**<br><br>COMPLAINT AND JURY DEMAND |

Plaintiff Mia Solomon hereby sets forth her complaint against Whole Foods Market, Inc. to recover damages for gender discrimination.

### I. PARTIES

1. Plaintiff Mia Solomon is a woman and at all relevant times hereto was pregnant when she worked for Whole Foods Market, Inc. ("Whole Foods") in the District of Columbia.

2. Defendant Whole Foods is an "employer" subject to statutes governing employment in the District of Columbia, including the D.C. Human Rights Act ("DCHRA"), D.C. Code § 2-1401.1 *et seq*.

3. At all relevant times herein, Plaintiff was employed by Defendant.

### II. JURISDICTION AND VENUE

4. The acts complained of herein occurred principally in the District of Columbia.

5. At all times material to this action, Defendant conducted business in the District of Columbia.

6. This action has been filed within the applicable statutory time periods.

1

7. Jurisdiction and venue are proper.

### III. FACTS

8. Plaintiff realleges Paragraphs 1 through 7 of the Complaint and hereby incorporates the same by reference.

9. Plaintiff, who formerly worked for Whole Foods, was rehired to work as a cashier at Whole Foods' Tenley Town location in the District of Columbia.

10. Plaintiff began her employment on or about August 20, 2019. During orientation, Plaintiff notified her supervisor that she was pregnant.

11. On or about September 22, 2019, Plaintiff began to experience uterus cramping, and informed her supervisor that she needed to leave to go to the hospital to seek medical attention.

12. Plaintiff's supervisor responded by stating, "You will be fine if it's not pain."

13. After Plaintiff pushed back out of concern for her pregnancy, her supervisor told her to take her break.

14. Plaintiff then approached the store manager and advised that she needed to go to the hospital to seek medical attention. The store manager granted Plaintiff permission to go to the hospital.

15. Plaintiff received treatment at the hospital and was later released.

16. Plaintiff reported to her next shift on or about September 24, 2019.

17. Approximately four hours into her shift, Defendant terminated Plaintiff reportedly due to her attendance.

18. Defendant terminated Plaintiff because she was pregnant.

19. Defendant terminated Plaintiff because Plaintiff experienced complications from her pregnancy and needed to seek medical attention during her shift.

20. As a result of her termination, Plaintiff has suffered and continues to suffer economic and noneconomic damages.

## IV. CAUSES OF ACTION

### COUNT I – DISCRIMINATION ON THE BASIS OF SEX IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT, D.C. CODE § 2-1401.1 *ET SEQ.*

21. Plaintiff realleges paragraphs 1 through 17 of the Complaint and hereby incorporates the same by reference.

22. The District of Columbia Human Rights Act prohibits discrimination on the basis of sex with respect to an employee's compensation, terms, conditions, and privileges of employment. D.C. Code § 2-1402.11(a)(1). This includes discrimination on the basis of a woman's pregnancy.

23. Defendant terminated Plaintiff because of her pregnancy and related medical conditions, which constitutes an adverse employment action.

24. As a result of Defendant's wrongful conduct, Plaintiff suffered damages in amounts to be proven at trial.

## V. JURY DEMAND

Plaintiff hereby demands a trial by jury.

## VI. PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for relief as follows:

 A. Damages for wages lost including back pay, front pay, and lost benefits;

 B. Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation;

 C. Punitive damages;

D.  Prejudgment interest in an amount to be determined at trial;

E.  Compensation for any tax penalty associated with a recovery;

F.  Reasonable attorney's fees and costs; and

G.  Whatever further and additional relief the court shall deem just and equitable.

Respectfully submitted this 12th day of February 2020.

          Respectfully submitted,

          **HKM EMPLOYMENT ATTORNEYS LLP**

By:  *s/ Tiffany Joseph Goodson*
      Tiffany Joseph Goodson, DC Bar # 481878
      1325 G Street NW, Suite 558
      Washington, DC 20005
      Phone: (202) 919-5952
      Fax: (202) 919-5952
      E-mail: tjosephgoodson@hkm.com

*Counsel for Plaintiff*

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Mia Solomon
_____
Plaintiff
vs.

Whole Foods Market, Inc.                                    Case Number **2020 CA 001048 B**
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Tiffany Joseph Goodson
_____
Name of Plaintiff's Attorney

1325 G Street NW, Suite 558
_____
Address       Washington, DC 20005

(202) 919-5952
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date _____**02/12/2020**_____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                                             Super. Ct. Civ. R. 4



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                                     Demandante
                contra

                                                     Número de Caso: _____

_____
                                     Demandado

## CITATORIO

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le requiere entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

| | |
|---|---|
| _____ | *SECRETARIO DEL TRIBUNAL* |
| Nombre del abogado del Demandante | |
| | Por: _____ |
| _____ | Subsecretario |
| Dirección | |
| | Fecha _____ |
| _____ | |
| Teléfono | |
| 如需翻译, 请打电话 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828 | |
| 번역을 원하시면 (202) 879-4828   ኣስተርጓሚ ትፈልጉ እንተኾይንኩም (202) 879-4828 ይደውሉ | |

    IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

    Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                                                                                        Super. Ct. Civ. R. 4

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Mia Solomon      Case Number: **2020 CA 001048 B**

vs      Date: _____

Whole Foods Market, Inc.      ☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)* Tiffany Joseph Goodson | Relationship to Lawsuit |
|---|---|
| Firm Name: | ☐ Attorney for Plaintiff |
| | ☐ Self (Pro Se) |
| Telephone No.:    Six digit Unified Bar No.: | ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury     ☐ 6 Person Jury     ☒ 12 Person Jury
Demand: $ **To Be Determined at Trial**     Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.:_____ Judge:_____ Calendar #:_____

Case No.:_____ Judge:_____ Calendar #:_____

---

**NATURE OF SUIT:** *(Check One Box Only)*

**A. CONTRACTS**      **COLLECTION CASES**

☐ 01 Breach of Contract    ☐ 14 Under $25,000 Pltf. Grants Consent    ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty    ☐ 17 OVER $25,000 Pltf. Grants Consent    ☐ 18 OVER $25,000 Consent Denied
☐ 6 Negotiable Instrument    ☐ 27 Insurance/Subrogation    ☐ 26 Insurance/Subrogation
☐ 7 Personal Property           Over $25,000 Pltf. Grants Consent       Over $25,000 Consent Denied
☒ 13 Employment Discrimination    ☐ 07 Insurance/Subrogation    ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees         Under $25,000 Pltf. Grants Consent      Under $25,000 Consent Denied
               ☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 1 Automobile    ☐ 03 Destruction of Private Property    ☐ 05 Trespass
☐ 2 Conversion    ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 1 Abuse of Process    ☐ 10 Invasion of Privacy    ☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 2 Alienation of Affection    ☐ 11 Libel and Slander
☐ 03 Assault and Battery    ☐ 12 Malicious Interference    ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury    ☐ 13 Malicious Prosecution    ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)    ☐ 14 Malpractice Legal    ☐ 20 Friendly Suit
☐ 6 False Accusation    ☐ 15 Malpractice Medical (Including Wrongful Death)    ☐ 21 Asbestos
☐ 7 False Arrest    ☐ 16 Negligence- (Not Automobile,    ☐ 22 Toxic/Mass Torts
☐ 8 Fraud            Not Malpractice)    ☐ 23 Tobacco
               ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE     IF USED

# Information Sheet, Continued

**C. OTHERS**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 9 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)
- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_/s/_  
Attorney's Signature

February 12, 2020  
Date

CV-496/ June 2015



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

MIA SOLOMON
   Vs.                                                   C.A. No.     2020 CA 001048 B
WHOLE FOODS MARKET, INC.

# INITIAL ORDER AND ADDENDUM

   Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

   (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

   (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

   (3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

   (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

   (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

   (6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                      Chief Judge Robert E. Morin

Case Assigned to: Judge JOSE M LOPEZ
Date:  February 12, 2020
Initial Conference: 9:30 am, Friday, May 22, 2020
Location:  Courtroom 212
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

                                                                                CAIO-60

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Robert E. Morin

CAIO-60