IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIA SOLOMON<br><br>    Plaintiff,<br><br>v.<br><br>WHOLE FOODS MARKET, INC.[1]<br><br>    Defendant. | Case No. 1:20-cv-00666 (ABJ) |

## ANSWER AND AFFIRMATIVE AND OTHER DEFENSES

Defendant Whole Foods Market Group, Inc. (hereinafter referred to as "Whole Foods") states the following Answer and Affirmative and Other Defenses to the Complaint which Plaintiff Mia Solomon has filed:

### I.     Parties

1.     Whole Foods admits that Plaintiff identifies as a woman. Whole Foods further admits that it learned that Plaintiff was pregnant while she was employed at Whole Foods, in the District of Columbia, from August 15, 2019 through September 24, 2019.  Whole Foods denies the remainder of the allegations in Paragraph 1 of the Complaint.

2.     Whole Foods admits that Plaintiff purports to bring a claim under the District of Columbia Human Rights Act, D.C. Code § 2-1401 *et seq.*, ("DCHRA").  Whole Foods further states that the allegation in paragraph 2 of the Complaint is a legal conclusion to which no response is required. To the extent a response is deemed necessary, Whole Foods admits that it is an employer under the DCHRA, but denies that it engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever.

---

[1] Defendant Whole Foods Market Group, Inc. was improperly named in the Complaint as "Whole Foods Market, Inc."

3. Whole Foods admits that Plaintiff was employed with Whole Foods in the District of Columbia, from August 22, 2019 through September 24, 2019.

## II. Jurisdiction and Venue

4. Whole Foods states that the allegations in Paragraph 4 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Whole Foods admits that it employed Plaintiff in the District of Columbia. Whole Foods denies that it engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever.

5. Whole Foods states that the allegations in Paragraph 5 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Whole Foods admits that it conducted business in the District of Columbia from August 22, 2019 through September 24, 2019. Whole Foods denies the remainder of the allegations in Paragraph 5 of the Complaint.

6. Whole Foods states that the allegations in Paragraph 6 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Whole Foods admits that the lawsuit was filed on February 12, 2020 within one year of Plaintiff's termination on September 24, 2019. Whole Foods denies the remainder of the allegations in Paragraph 6 of the Complaint.

7. Whole Foods states that the allegations in Paragraph 7 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Whole Foods admits that venue and jurisdiction are proper in the United States District Court for the District of Columbia.

### III.     Facts

8. Whole Foods incorporates the responses to Paragraphs 1 through 7 of the Complaint as if fully stated herein.

9. Whole Foods admits the allegations in Paragraph 9 of the Complaint.

10. Whole Foods admits that Plaintiff was hired on or about August 20, 2019. Whole Foods further admits that at some point during her employment Plaintiff informed her supervisor that she was pregnant. Whole Foods does not possess knowledge or information sufficient to admit or deny the date she informed her supervisor of her pregnancy. To the extent a response is required, Whole Foods denies the allegation that Plaintiff told her supervisor that she was pregnant during orientation.

11. Whole Foods admits that on September 22, 2019, Plaintiff informed her supervisor that she was experiencing discomfort. The physical symptoms described in Paragraph 11 are personal to Plaintiff to which Whole Foods lacks sufficient information to respond. To the extent a response is required, Whole Foods denies the remaining allegations in Paragraph 11.

12. Whole Foods denies the allegations in Paragraph 12 of the Complaint.

13. Whole Foods denies the allegations in Paragraph 13 of the Complaint.

14. Whole Foods admits that on September 22, 2019, the store manager approved Plaintiff leaving work to have her baby checked.

15. Whole Foods lacks sufficient information to respond to the allegations in Paragraph 15. To the extent a response is required, Whole Foods denies the allegations in Paragraph 15.

16. Whole Foods admits the allegations in Paragraph 16 of the Complaint.

17. Whole Foods admits that Plaintiff was terminated on September 24, 2019, due to repeated time and attendance issues. Whole Foods denies that the termination was four hours into Plaintiff's shift.

18. Whole Foods denies the allegations in Paragraph 18 of the Complaint.

19. Whole Foods denies the allegations in Paragraph 19 of the Complaint.

20. Whole Foods denies the allegations in Paragraph 20 of the Complaint.

### IV.   Causes of Action

### Count I - Discrimination on the Basis of Sex in Violation of the District of Columbia Human Rights Act, D.C. Code §2-1401.1, *et seq.*

21. Whole Foods incorporates the responses to Paragraph 1 through 20 of the Complaint as if fully stated herein.

22. The allegations in paragraph 22 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is necessary, Whole Foods denies the allegations in paragraph 22 of the Complaint

23. Whole Foods denies the allegations in Paragraph 23 of the Complaint.

24. Whole Foods denies the allegations in Paragraph 24 of the Complaint.

### V.   Jury Demand

Whole Foods admits that Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

Whole Foods admits only that Plaintiff purports to seek the relief requested in the "Prayer for Relief" clause on pages three and four of the Complaint. Whole Foods denies that Plaintiff is entitled to any of the requested relief and further denies that Plaintiff is entitled to any relief whatsoever.

## DENIAL OF ALL ALLEGATIONS NOT EXPRESSLY ADMITTED

Whole Foods denies all of the allegations contained in the Complaint that are not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Whole Foods asserts the following affirmative and other defenses without assuming any burden of proof that otherwise does not exist as a matter of law.

1. The Complaint fails, in whole or in part, to state sufficient facts to constitute a cause of action upon which relief may be granted against Whole Foods.

2. Any damages allegedly suffered by Plaintiff were proximately caused by her own acts or omissions.

3. Expressly denying that Whole Foods engaged in any unlawful conduct, Whole Foods exercised reasonable care with respect to Plaintiff.

4. Plaintiff's recovery is barred, in whole or in part, by her failure to mitigate her damages.

5. Whole Foods acted in good faith at all relevant times.

6. Whole Foods had legitimate business reasons for every personnel action it took with respect to Plaintiff.

7. Plaintiff's Complaint is barred to the extent any purportedly unlawful or other wrongful acts of any employee of Whole Foods were outside the scope of that employee's authority, that such acts, if any, were not authorized, ratified or condoned by Whole Foods, and that Whole Foods did not know or have reason to be aware of such alleged conduct.

8. Expressly denying that Whole Foods engaged in any unlawful conduct, any relief to which Plaintiff may be entitled is barred by the doctrine of after-acquired evidence.

9.  Plaintiff's claims may be barred by the equitable doctrines of laches, unclean hands, waiver, and estoppel.

Whole Foods reserve the right to assert additional defenses which may become known after the filing of this responsive pleading.

**WHEREFORE**, Whole Foods requests that the Court:

1.  Dismiss the Complaint in its entirety with judgment entered against Plaintiff and in favor of Defendant;

2.  Order Plaintiff to pay Defendant's attorneys' fees and costs as permitted by law; and

3.  Award Defendant such other and further relief as the Court deems just and proper.

Dated: March 13, 2020                                      Respectfully submitted,

                                                        /s/ Patricia B. Donkor
Alison N. Davis (Bar No. 429700)
Patricia Donkor (Bar No. 100455)
LITTLER MENDELSON, P.C.
815 Connecticut Avenue, NW
Suite 400
Washington, DC  20006-4046
202.842.3400
202.842.0011 (Facsimile)
andavis@littler.com
pdonkor@littler.com

*Counsel for Whole Foods*

**CERTIFICATE OF SERVICE**

I certify that on this 13th day of March 2020, a true and correct copy of the foregoing document was served by the Court's electronic filing system upon the following:

>Tiffany Joseph Goodson
>1325 G Street, NW
>Washington, DC 20005
>tjosephgoodson@hkm.com
>
>*Counsel for Plaintiff*

>   */s/ Patricia B. Donkor*
>Patricia Donkor